# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FRANK KARGBO,**                              :
                                               :
        **Petitioner,**                    :   **CIVIL NO. 3:CV-06-1914**
                                               :
    **vs.**                                 :   **(JUDGE VANASKIE)**
                                               :
**BUREAU OF IMMIGRATION AND CUSTOMS** :
**ENFORCEMENT INTERIM FIELD OFFICE**     :
**DIRECTOR, PHILADELPHIA DISTRICT,**     :

        **Respondent.**

## MEMORANDUM and ORDER

## I.    INTRODUCTION

Frank Kargbo is presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") confined at the York County Prison, Pennsylvania.  He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 27, 2006, challenging his detention by ICE.  On November 29, 2006, an Order was issued directing Respondent to file a response to the petition within twenty (20) days.  A response was thereafter submitted on December 19, 2006.  No traverse has been filed by Petitioner.  For the reasons that follow, the petition will be denied as Petitioner's detention is both mandatory and constitutionally permissible.

II.   **BACKGROUND**

Petitioner is a native and national of Sierra Leone, West Africa.  He entered the United

States in New York on January 10, 1981, pursuant to a nonimmigrant F-1 student visa with

authorization to remain in the Untied States for a temporary period.  He ultimately remained in

the United States beyond the duration of his status as a student without authorization from ICE.

(Dkt. Entry 9, Ex. 2.) Thereafter, during the time period spanning from September of 1987

through November of 1997, he was convicted of various offenses in violation of New York State

Penal Law, including Possession of Marijuana, Criminal Possession of a Controlled Substance,

Petit Larceny and Attempted Petit Larceny.  These crimes did not arise out of a single scheme

of criminal misconduct.  (Id.)

Based on these circumstance, Petitioner he was charged as removable pursuant to

Sections 237(a)(1)(B)and 237(a)(2)(B)(i) and (ii) of the Immigration and Nationality Act, as

amended.[1]  He was ordered removed by ICE on February 23, 2006.  It does not appear that

_____

[1]  Section 237(a)(1)(B) provides for removal of an alien who, after admission as a non-immigrant under Section 101(a)(15) of the Immigration and Nationality Act, remains in the United States for a time longer than permitted.  Section 237(a)(2)(B)(i) provides for the removal of an alien who, after admission, is convicted of a violation of any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. § 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.  Section 237(a)(2)(A)(ii) of the INA provides for deportation of an alien who, at any time after admission, has been a convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

any appeal was pursued and, as such, the order of removal thereafter became final.  Petitioner

does states that he received a custody file review that resulted in a decision on May 22, 2006 to

continue detention.  On September 13, 2006, the HQPDU, issued a decision to continue

detention.  The instant petition was filed on September 27, 2006.

In the petition, Kargbo contends that he is being subjected to mandatory indefinite

detention in violation of <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), in that he has been in

detention over 180 days and ICE is not able to obtain any travel documents to remove him.  He

seeks his immediate release.

## III.   <u>DISCUSSION</u>

Subsequent to his filing of the instant habeas petition, Petitioner filed a motion to reopen

his immigration proceedings.  This motion was granted by the Immigration Judge on November

6, 2006.  (Dkt. Entry 9, Ex. 1.)  As such, Petitioner is no longer subject to a final order of

removal and is back in administrative removal proceedings.  As an alien in removal

proceedings who has been convicted of offenses covered in § 237(a)(2)(A)(ii), Petitioner is

subject to mandatory detention pursuant to § 236(c)(1)(B) of the INA, 8 U.S.C. § 1226(c)(1)(B).

This section provides as follows:

(c)Detention of Criminal Aliens.--

(1) Custody.– The Attorney General shall take into custody any
alien who –
(A)  is inadmissible by reason of having committed any offense

3

> covered in section 2112(a)(2),
> (B) <u>is deportable by reason of having committed any offense</u>
> <u>covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C) or (D),</u>

8 U.S.C. § 1226(c)(1)(emphasis added).

The United States Supreme Court held in <u>Demore v. Kim</u>, 538 U.S. 510 (2003), that mandatory pre-order detention under 8 U.S.C. § 1226(c) during the pendency of removal proceedings does not offended constitutional protections.  Justice Kennedy, in a concurring opinion, suggested that prolonged detention while administrative proceedings were pursed, may be problematic.  <u>Id</u>. at 532.  In this case, it cannot be said at this time that re-consideration of the removal order has been unduly protracted, the motion to reopen having been granted in November of 2006.  Thus, Petitioner's mandatory detention is constitutionally permissible.

**ACCORDINGLY,** this 23rd day of January, 2007, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DENIED**.

2. The Clerk of Court is directed to mark this matter **CLOSED**.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

4